IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-201-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANTHONY ANTONIO SHEPARD, | ) | |
| | ) | |
| Defendant. | ) | |

On July 22, 2019, Anthony Antonio Shepard ("Shepard") moved for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 [D.E. 84]. On August 5, 2019, the United States responded in opposition [D.E. 86]. On September 9, 2019, the probation office filed an amended Presentence Investigation Report ("PSR") with a new advisory guideline range. See [D.E. 89]. Shepard did not object to the amended PSR. See [D.E. 91]. On September 10, 2019, Shepard replied [D.E. 90]. On April 7, 2020, Shepard moved to expedite his motion for reduction of sentence and supplemented his motion with several exhibits, including character letters [D.E. 93]. On April 13, 2020, the United States responded [D.E. 94]. On April 22, 2020, Shepard replied [D.E. 95].

On April 28, 2020, the court denied Shepard's motion for a reduction in sentence [D.E. 100]. Shepard appealed. On August 18, 2021, the United States Court of Appeals for the Fourth Circuit vacated the court's judgment and remanded the case in light of United States v. Collington, 995 F.3d 347 (4th Cir. 2021). See [D.E. 108 through 110]. On September 13, 2021, the probation office filed another amended PSR [D.E. 111]. Shepard did not object to the amendment or the new advisory guideline range of 210 to 240 months' imprisonment. See [D.E. 112]. On September 15, 2021,

Shepard filed a sentencing memorandum and exhibits in support of his motion [D.E. 113]. As explained below, the court grants Shepard's motion and reduces his sentence to 240 months' imprisonment.

I.

On September 10, 2007, pursuant to a written plea agreement, Shepard pleaded guilty to distributing 5 grams or more of cocaine base (crack) and aiding and abetting in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. See [D.E. 3, 7, 8]. On August 19, 2008, the court held a lengthy sentencing hearing, adopted the facts set forth in the PSR, and resolved Shepard's objections. See Sent. Tr. [D.E. 44] 4–56; [D.E. 40, 41]; Fed. R. Crim. P. 32(i)(3)(A)–(B). After receiving extensive evidence and arguments, the court calculated Shepard's total offense level to be 34, his criminal history category to be VI, and his advisory guideline range to be 262 to 327 months' imprisonment. See Sent. Tr. at 4–56. Shepard did not get acceptance of responsibility because he used cocaine while on pretrial release. See id. at 51–56. The court also found that Shepard possessed a gun under U.S.S.G. § 2D1.1(b)(1). See id. at 54–56. After thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Shepard to 264 months' imprisonment. See id. at 60–64; [D.E. 40, 41]. Shepard appealed. On July 10, 2009, the United States Court of Appeals for the Fourth Circuit affirmed in part and dismissed in part. See United States v. Shepard, 336 F. App'x 373 (4th Cir. 2009) (per curiam) (unpublished).

On July 10, 2012, Shepard moved to vacate his sentence under 28 U.S.C. § 2255 [D.E. 54, 57]. On June 24, 2013, the United States responded in opposition [D.E. 60], moved to dismiss Shepard's motion, and filed a memorandum in support [D.E. 61, 63]. On August 13, 2013, Shepard replied [D.E. 67]. On September 3, 2013, the court granted the government's motion and dismissed Shepard's motion to vacate under § 2255 [D.E. 68].

2

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2372 (codified as amended at 21 U.S.C. §§ 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of crack cocaine necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of crack cocaine necessary to trigger a 10 year to life sentence increased from 28 grams to 280 grams. See id., § 2, 124 Stat. at 2372.

The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . ., that was committed before August 3, 2010." Id. Under the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Lancaster, 997 F.3d 171, 174–76 (4th Cir. 2021); United States v. Collington, 995 F.3d 347, 353 (4th Cir. 2021); United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, a court may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did

not have a motion under the First Step Act "denied after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the advisory sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404 of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., Collington, 995 F.3d at 357–58; United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3–4 (E.D. Va. Mar. 17, 2020) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished), aff'd, No. 19-7018, 2021 WL 5150049 (4th Cir. Nov. 5, 2021) (per curiam) (unpublished). Nonetheless, a district court must reduce the sentence to comply with any new statutory maximum. See Collington, 995 F.3d 356–58.

Shepard's September 2007 conviction for distributing 5 grams or more of cocaine base (crack) and aiding and abetting is a covered offense under section 404(a) of the First Step Act because the Fair Sentencing Act modified the conviction's statutory penalties and Shepard committed the offense before August 3, 2010. See First Step Act § 404(a), 132 Stat. at 5222; United States v. McDonald, 986 F.3d 402, 404 (4th Cir. 2021) ("The First Step Act applies to any defendant who was convicted of an offense whose statutory penalties were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010." (quotation omitted)). Shepard's total offense level is 32, and his criminal history category remains VI. See [D.E. 111, 112]; [D.E. 113] 1 n.1. Furthermore, under Collington, Shepard's new statutory maximum is 240

4

months' imprisonment. See Collington, 995 F.3d at 356–58. Thus, his new advisory guideline range is 210 to 240 months' imprisonment. See id.; [D.E. 111, 112]; [D.E. 113] 1 n.1.

The court has completely reviewed the entire record, the parties' arguments, the advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Collington, 995 F.3d at 356–60; Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for his offense conduct, Shepard engaged in serious criminal conduct and was responsible for distributing 71.7 grams of cocaine base (crack), 127.6 grams of cocaine, and 5 pounds of marijuana. See PSR ¶¶ 1–10. He possessed a firearm while doing so. See Sent. Tr. at 55. Shepard also violated his pretrial release conditions by using cocaine. See id. at 55–56.

As for Shepard's history and characteristics, Shepard has a serious criminal record and has performed poorly on supervision. See PSR ¶¶ 12–30. Shepard's convictions include possession with intent to sell/deliver cocaine (two counts), possession of stolen goods/property (three counts, one of which involved stolen firearms), possession of cocaine, simple assault, simple worthless check (nine counts), selling/delivering cocaine, breaking and entering a motor vehicle, driving while impaired, resisting a public officer (two counts), failure to exhibit/surrender license, driving while license revoked (two counts), reckless driving to endanger, assault on a female, assault inflicting serious injury, and selling cocaine. See id. Shepard has performed poorly on supervision, including absconding on supervision and engaging in new criminal conduct while on supervision. See id. ¶¶ 15, 21.

As for Shepard's performance while in custody, Shepard has incurred disciplinary infractions for being insolent to staff, being absent from assignment (two counts), possessing an unauthorized item, failing to follow safety regulations, possessing stolen property, and possessing gambling

5

paraphernalia. See [D.E. 90-3, 113-4]. He has been infraction free since 2017. See [D.E. 90-3, 113-4]. Shepard also has been somewhat productive while incarcerated. Cf. Pepper v. United States, 562 U.S. 476, 491 (2011); United States v. High, 997 F.3d 181, 187–91 (4th Cir. 2021); Chambers, 956 F.3d at 671–75; McDonald, 986 F.3d at 412; United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Shepard earned his GED and has taken other education and vocational training courses, including some college courses. See [D.E. 90-6, 90-8, 93-2, 113-5 through 113-7]. Shepard has completed mental health treatment programs for anger management and drug abuse. See [D.E. 90-5, 90-8, 93-2, 113-6, 113-8]. Furthermore, Shepard has maintained employment while incarcerated, including receiving promotions to leadership positions. See [D.E. 113] 5; [D.E. 90-4, 93-3, 113-9, 113-11]. And Shepard has been a positive mentor to other men who are incarcerated. See [D.E. 93-4, 113-10].

This court must balance Shepard's positive efforts in custody against his serious criminal conduct, serious criminal record, poor performance on supervision, serious misconduct while incarcerated, the need to promote respect for the law, to deter others, and the need to incapacitate Shepard. The court also recognizes Shepard has a supportive family and a release plan. See [D.E. 113] 5–6; [D.E. 93-5, 113-12, 113-13]. The court has also considered Shepard's letters to the court. See [D.E. 93-6, 113-14]. In light of the entire record and the parties' arguments, the court grants Shepard's motion and reduces his sentence to 240 months' imprisonment. See 18 U.S.C. § 3553(a); see, e.g., Chavez-Meza, 138 S. Ct. at 1966–68; Collington, 995 F.3d at 356–60; Chambers, 956 F.3d at 671–75; May, 783 F. App'x at 310; Barnes, 2020 WL 1281235, at *3–4; Latten, 2019 WL 2550327, at *4.

In reaching this decision, the court has considered the entire record, the parties' arguments, the advisory guideline range, and the section 3553(a) factors. However, even if the court

6

miscalculated the new advisory guideline range, it still would not reduce Shepard's sentence below 240 months in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

II.

In sum, the court GRANTS Shepard's motion for a sentence reduction [D.E. 84] and reduces his sentence to 240 months' imprisonment. All other aspects of the judgment remain the same.

SO ORDERED. This 12 day of November, 2021.

JAMES C. DEVER III
United States District Judge